Shawn Ratigan, #23421-045
Tucson United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734



PHOENIX AZ 852
15 MAY 2020 PM 3 L

RECEIVED
2020 MAY 18 AM 11: 21
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY, MO

U.S. District Court
400 East 9th Street
Kansas City, MO
64106

11-169
GAF

Legal Mail

Case 4:11-cr-00169-GAF   Document 56   Filed 05/18/20   Page 1 of 5

Monday May 18th, 2020

RE: United States v. Shawn Francis Ratigan
    #1:11-cr-169-W-GAF

To the U.S. District Court Clerk,

   Please find enclosed a motion for sentence reduction that I would like filed in the above-referenced case. Let me know if anything else is needed or if you have any questions. Thank you.

                                    Sincerely,
                                    Shawn Francis Ratigan

Shawn Ratigan, #23421-045
U.S.P. Tucson
P.O. Box 24550
Tucson, AZ 85734

pg. 1

In the United States District Court
For the Western District of Missouri

United States of America

v.     Case No.

Shawn Francis Ratigan                              Defendant

Motion For A Sentence Reduction

Comes Now, the Defendant, Shawn Ratigan, pro se, and files this, his Motion for a Sentence Reduction, pursuant to 18 U.S.C. 3582(c)(1)(A), and in support thereof would show unto the Court as follows:

In May 2011 the Defendant was sentenced by this Court to a total of 600 months imprisonment after pleading guilty to five different counts of possession and manufacturing child pornography. The Defendant's current release date is in 2061.

Due to the current ongoing COVID-19 pandemic, the risk of death that it imposes on the Defendant, and the Federal Bureau of Prisons' inability to effectively manage the outbreak, this Court should reduce the Defendant's sentence to time-served.

This Court has authority to modify a term of imprisonment for "extraordinary and compelling" reasons upon a motion by the Defendant. (18 U.S.C. 3582(c)(1)(A)).

The Defendant's current health problems, the risk of death posed by

pg. 2    COVID-19, and the FBOP's utter failure to manage, control, and stop the spread of the pandemic in its institutions and its utter failure in properly treating those inmates infected with COVID-19, meets the "extraordinary" and "compelling" standard for a sentence reduction.

The Defendant currently suffers from diabetes, high blood pressure, high cholesterol, and is insulin dependent. He also is prescribed four different medications to treat these diseases.

All three of these conditions are comorbidity diseases known by the Centers for Disease Control to place the Defendant at a significantly higher risk of death by COVID-19.

The Defendant is currently incarcerated at U.S.P. Tucson in Arizona and is quarantined and on lockdown, as are all inmates in the FBOP. However, as the recent spread of COVID-19 has shown, these measures have been totally ineffective at preventing infections and death at a multitude of federal prisons throughout the nation.

If granted a sentence reduction and placed on home confinement, the Defendant has available to him the ability to live in a stable and supportive home with family relatives in the Kansas City area. The Defendant's family members are also willing to assist him with securing medical care, medications, and can help provide employment in a family-owned private business once the pandemic subsides.

The Defendant has petitioned the FBOP for release to home confinement or for a motion to reduce his sentence to be filed on his behalf. However, according to FBOP policy, the Defendant's request cannot be considered, much less granted, due to his conviction being a sex offense and due to his placement in a high custody, maximum-security institution. Therefore, any administrative remedy filed by the Defendant will be, by policy, denied by the FBOP.

pg. 3 Nevertheless, the Defendant has begun the administrative remedy process, which, on average, takes six to eight months to complete. Furthermore, the FBOP currently does not have any plan in place to expedite administrative remedies, requesting sentence reductions, in response to the COVID-19 pandemic.

The Defendant requests that this Court waive the requirement of having to first exhaust his administrative remedies because an undue delay could result in catastrophic health consequences and would create undue prejudice by the risk of serious illness and death that COVID-19 has been known to cause. Additionally, exhausting the administrative remedies in this case would be futile because the FBOP has already predetermined that it will not consider the relief which the Defendant requests.

Wherefore, the above premises considered, the Defendant requests that the Court grant him a sentence reduction to time-served.

Respectfully Submitted, this the 18th day of May, 2020.

*[signature]*

Shawn Ratigan, #23421-045
U.S.P. Tucson
P.O. Box 24550
Tucson, AZ 85734